UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRED D. WHITESIDES, | ) | 4:06CV3037 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | ON DEFENDANT'S MOTION |
| ROBERT RYE; JIM ERIKSEN; | ) | TO DISMISS |
| RICHARD HARTMAN; PAMELA E. | ) | |
| LANCASTER; WILLIAM (BUD) | ) | |
| JEFFRIES; ROBERT HUMISTON, JR., | ) | |
| SCOTT ARNOLD; and LONNIE | ) | |
| LOGAN, Comprising the HALL | ) | |
| COUNTY, NEBRASKA, BOARD OF | ) | |
| SUPERVISORS; and, THE | ) | |
| DEPARTMENT OF CORRECTIONS | ) | |
| and DAVID L. ARNOLD, | ) | |
| | ) | |
| Defendants. | ) | |

On March 2, 2006, the plaintiff, Fred D. Whitesides, filed an amended complaint against Defendants Robert Rye, Jim Eriksen, Richard Hartman, Pamela E. Lancaster, William (Bud) Jeffries, Robert Humiston, Jr., Scott Arnold, and Lonnie Logan, who "[c]ompris[e] the Hall County, Nebraska, Board of Supervisors"; "The Department of Corrections"; and David L. Arnold, alleging violations of 42 U.S.C. §§ 1983 and 1985 and state law claims for false arrest and malicious prosecution. (See generally Am. Compl., filing 5.) The defendants have filed a motion to dismiss the amended complaint. (See filing 18.) For the following reasons, I find that the defendants' motion must be granted in part.

I.   BACKGROUND

The amended complaint alleges as follows. The plaintiff was employed as a

1

Corrections Officer by the Hall County, Nebraska, Department of Corrections until his discharge on April 19, 2002. (See Am. Compl., filing 5, ¶¶ 2, 12.) Defendants Eriksen, Hartmant, Lancaster, Jeffries, Humiston, and Scott Arnold were, at all relevant times, members of the "Hall County Board," and Defendant Logan was a member of the Hall County Board until he was replaced by Defendant Rye in 2003. (Id. ¶ 3.) The Hall County Board is "organized . . . under the laws of the State of Nebraska" and "operates as the Hall County, Nebraska, Department of Corrections." (Id.) Defendant David Arnold "was Director of the Department" and acted "as an agent, servant, and employee of the Department under the direction and control of the Hall County Department of Corrections." (Id. ¶ 4.)

On or about April 11, 2002, the plaintiff was charged with two counts of sexual assault upon an inmate, and he was arrested and incarcerated "until such time as he posted bond." (Am. Compl., filing 5, ¶¶ 9, 13.) On or about April 19, 2002, Defendant David Arnold wrote to the plaintiff and terminated his employment, stating,

> Based on my investigation, there is information to suggest that in November and December, 2001, you violated the following provisions of the Hall County Department of Corrections Standard Operating Policy and Procedure Manual: 1. Failure to maintain a professional demeanor in contacts with inmates and the public, and in particular a female inmate of the Hall County Jail . . . ; 2. Engaging in personal contact in violation of [a] Standard Operating Procedure . . . ; and 3. Fraternization in violation of [a] Standard Operating Procedure."

(Id. ¶ 14.) The plaintiff filed a grievance, which was denied, and his employment with the Hall County Department of Corrections was terminated by David Arnold "with the knowledge and consent of the Board members." (See id. ¶¶ 21, 23.) The plaintiff was later acquitted of the sexual assault charges. (See id. ¶ 22.)

The plaintiff alleges that he did not assault an inmate or violate the Standard Operating Procedures cited in the termination letter. (See Am. Comp., filing 5, ¶¶ 10, 15-20.) Moreover, the plaintiff alleges that the defendants "knew, or recklessly disregarded,

2

facts demonstrating that [he] did not physically or sexually assault [the inmate] on the alleged dates, or at any other time"; that Defendant David Arnold announced the plaintiff's termination to the media "before completion of the investigation, even though he knew, or should have known, that the statements allegedly implicating [the plaintiff] were hopelessly contradictory, contrived and untrue"; that the defendants "knew, or should have known, that the entire allegation was suggested by an inmate as a reprisal against the Plaintiff"; and that the defendants "maliciously and without probable cause . . . instigated the arrest, incarceration and subsequent criminal prosecution of [the plaintiff]." (Id. ¶¶ 11, 13, 23.)

On March 2, 2006, the plaintiff filed a five-count amended complaint against the defendants in their individual and official capacities. (See generally Am. Compl., filing 5; see also id. ¶ 5.) Count I alleges that the defendants "engaged in [a] cover-up of omissions and mistakes to effect the termination and arrest, incarceration and prosecution of Plaintiff" in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. (Id. ¶¶ 25-26.) Count II alleges that the defendants "conspired by intimidation and/or threat to obstruct justice and to prevent Plaintiff from discharging his duties" in violation of 42 U.S.C. § 1985. (Id. ¶¶ 29-30.) Count III, which is entitled "False Arrest," alleges that the defendants "intentionally instigated and caused the arrest" of the plaintiff even though they knew that probable cause was lacking. (See id. ¶ 33.) Count IV, which is entitled "Malicious Prosecution," alleges that the defendants "instigated a judicial proceeding against Plaintiff" and did so "maliciously and without reasonable grounds." (See id. ¶¶ 36-37.) Finally, Count V, which is entitled "Sexual Discrimination," alleges that "several female Corrections Officers of the Hall County Department of Corrections were found to have engaged in sexual misconduct with prisoners at the Hall County Jail," but, unlike the plaintiff, these female officers "were allowed to resign their position[s] and no charges were brought against any female officer for [her] misconduct." (See id. ¶¶ 41-43.)

The defendants filed a motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6). (See filing 18.) During the course of the briefing of this motion, the plaintiff made concessions that narrowed the scope of the amended complaint, and the defendants withdrew certain arguments. Specifically, the plaintiff conceded that Defendants Hall County, Nebraska, Board of Supervisors and the Department of Corrections "are not proper defendants," (Pl.'s Br., filing 27, at 3), and the defendants withdrew their argument that the claims against Defendants Lancaster and Jeffries must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). (See Defs.' Br., filing 19, at 1; Defs.' Reply Br., filing 28, at 5.) The portion of the defendants' motion that remains at issue is based mainly upon Federal Rule of Civil Procedure 12(b)(6). My analysis of the motion follows.

## II. STANDARD OF REVIEW

"[A] motion to dismiss a complaint [pursuant to Rule 12(b)(6)] should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citation omitted); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In resolving such motions, all well-pleaded allegations in the complaint must be taken as true, and the complaint and "all reasonable inferences arising therefrom" must be weighed in favor of the plaintiff. Morton, 793 F.2d at 187. When considering a Rule 12(b)(6) motion to dismiss, the court has the discretion to decide whether it will accept materials outside the pleadings. See Skyberg v. United Food and Commercial Workers International Union, 5 F.3d 297, 302 n.2 (8th Cir. 1993). If the Court accepts outside information, it must convert the motion to dismiss to one for summary judgment. See Fed. R. Civ. P. 12(b)(6). Upon conversion, the court applies the standard for summary judgment set forth in Rule 56. See id.

### III. ANALYSIS

The defendants have submitted several arguments in support of their motion to dismiss the amended complaint. (See generally Mot. to Dismiss, filing 18; Defs.' Br., filing 19.) Each of these arguments will be addressed in turn.[1]

### A. Whether the Individual Members of the Hall County Board Are "Subject to Suit"

The defendants argue that "[t]he individual members of the Hall County Board" must be dismissed from this case pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6) "on the ground that they may not be sued as party defendants for their actions taken as members of the Hall County Board." (Defs.'s Br. at 1.) I am not persuaded.

In support of their argument, the defendants rely first upon Shaul v. Brenner, 637 N.W.2d 362, 367 (Neb. Ct. App. 2001), wherein the Nebraska Court of Appeals held that Banner County was a necessary party in a rescission action against the Banner County Attorney. The court also held that the petition did not state a claim against the County Attorney because "[h]e was representing the county as an agent of the county," and a "longstanding tenet of the law is that if a contract is made with a known agent acting within the scope of his or her authority for a disclosed principal, the contract is that of the principal only and the agent cannot be held personally liable thereon." Id. at 368 (quoting Coffey v. Mann, 585 N.W.2d 518, 523 (1998)). The applicability of Shaul to the instant case, which includes no claims sounding in contract, escapes me. Shaul does not stand for the principle that the individual Board member defendants are not proper defendants in this case.

The defendants also rely upon Jameson v. Plischke, 165 N.W.2d 373 (Neb. 1969), which is cited in Shaul for the proposition that "[a] county must be sued in the name

---

[1] The defendants list nine arguments in their motion, but present eight separate arguments (in a different sequence) in their brief. As I noted previously, the parties' concessions have rendered some of these arguments moot, (see supra Part I), and those arguments need not be revisited here.

5

designated" in Revised Statute of Nebraska § 23-101. That section provides,

> Each county, established in this state according to the laws thereof, shall be a body politic and corporate, by the name and style of The county of ..............., and by that name may sue and be sued, plead and shall be impleaded, defend and be defended against, in any court having jurisdiction of the subject matter, either in law or equity, or other place where justice shall be administered.

In <u>Plischke</u>, the court held that a suit against a county board of supervisors "does not make the action one against the county within the ambit of [section 23-101]." In other words, <u>Plischke</u> stands for the proposition that a suit against a county board will not suffice to make the county a party defendant. However, it does not support the defendants' argument that individual members of a county board cannot be sued.[2]

Finally, the defendants argue that "individual board members may not be held liable for actions performed in their official capacity," and that the amended complaint establishes that all of the actions allegedly taken by the board members "occurred while the board members were acting in their official capacity." (Defs.' Br. at 2.) In support of this argument, the defendants refer me to <u>Allen v. Miller</u>, 6 N.W.2d 594, 598 (Neb. 1942), which states,

> Members of a county board are not <u>ordinarily</u> liable to individuals for their acts in connection with their official powers and duties, for such official acts are not performed in an individual capacity, and statutes imposing liability therefore are in derogation of the common-law and to be strictly construed.
>
> "Where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him he is sometimes called a quasi judicial officer, and when so acting he is <u>usually</u> given immunity

---

[2]The defendants' reliance upon <u>Shepoka v. Knopik</u>, 250 N.W.2d 619 (Neb. 1977) is similarly misplaced. <u>Shepoka</u>, too, involved an action brought against a county board, and the court, citing <u>Plischke</u>, held that "an action against the board of supervisors of the county does not make the action one against the county." <u>Shepoka</u>, 250 N.W.2d at 620. Like <u>Plischke</u>, <u>Shepoka</u> does not hold that individual members of a county board are not subject to suit.

6

>from liability to persons who may be injured as the result of an erroneous decision, <u>provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption</u>."

(Emphasis added) (citations omitted). <u>Allen</u> does not state that members of a county board may <u>never</u> be sued individually, and the defendants have not persuaded me that they are entitled to quasi-judicial immunity or any other form of immunity.[3]

In view of the foregoing, I reject the defendants' argument that they are not "proper party defendants." (Defs.' Br. at 1.)

### B. Whether Count I Fails to State a Claim Upon Which Relief May Be Granted

The defendants argue that Count I must be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief may be granted. (Defs.' Br. at 3-6.) Count I is based primarily upon the following allegations:

> 25. Knowing that no probable cause existed to terminate Plaintiff and to seek his arrest and prosecution or recklessly disregarding the fact that no probable cause existed to terminate Plaintiff and to seek his arrest and prosecution, all Defendants, nevertheless, engaged in the above-described cover-up of omissions and mistakes to effect the termination[,] . . . arrest, incarceration and prosecution of Plaintiff.
>
> 26. By the actions and conduct described above, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and [42 U.S.C. § 1983], all Defendants conspired to and did deprive Plaintiff of his liberty and property without due process of law and conspired to and did effect his false arrest, incarceration, and prosecution.

(Am. Compl., filing 5, ¶¶ 25-26.)

The defendants argue that this count fails to state a claim for three reasons. First,

---

[3] I note, however, that the defendants may be entitled to qualified immunity from suit under §§ 1983 and 1985 insofar as they are sued in their individual capacities. <u>Cf.</u> <u>Manzano v. South Dakota Department of Social Services</u>, 60 F.3d 505 (8th Cir. 1995) (finding that defendants were entitled to qualified immunity in civil rights action brought pursuant to §§ 1983 and 1985). The defendants raise the defense of qualified immunity in a separate section of their brief, and therefore I shall address the defense in greater detail below. (<u>See</u> <u>infra</u> Part III.F.)

they submit that, to the extent that the plaintiff seeks to hold them liable for terminating him without "probable cause," the claim must fail because public employees in Nebraska "may be terminated at will without any requirement of showing probable cause, reasonable cause, or any other cause." (Defs.' Br. at 4 (citing Jackson v. Morris Communications Corp., 657 N.W.2d 634 (Neb. 2003)).) The defendants also claim that the only exception to the at-will employment doctrine is a "specific recognized public policy exception," and they note that the plaintiff has not alleged that a public policy exception is applicable in this case. (Id. (citing Jackson, 657 N.W.2d at 634).)

"It is well established in Nebraska that when employment is not for a definite term, and there are no contractual restrictions upon the right of discharge, an employer may lawfully discharge an employee whenever and for whatever cause it chooses without incurring liability." Nebraska Pub. Employees Local Union 251 v. Otoe County, 595 N.W.2d 237, 249 (Neb. 1999) (quoting Blair v. Physicians Mut. Ins. Co., 496 N.W.2d 483, 486 (Neb. 1993)). It is also true that "[t]his maxim applies equally to public employees," id., and that the amended complaint does not allege that the plaintiff's employment was for a definite term or that there were contractual restrictions upon the defendants' right to discharge the plaintiff. However, the "public policy exception"and contractual limitations are not the only exceptions to the at-will employment doctrine. Termination of an at-will employee may also be "constitutionally [or] statutorily . . . prohibited." Jackson, 657 N.W.2d at 636. Here, the plaintiff has not simply alleged that he was terminated without probable cause; he has alleged that his termination violated the Fourth and Fourteenth Amendments. (See Am. Compl., filing 5, ¶¶ 25-26.) Since the defendants' argument ignores this point, I am not persuaded that Count I must be dismissed pursuant to the at-will employment doctrine.

Second, the defendants argue that Count I must be dismissed because the defendants "cannot be held liable for the arrest and prosecution of the Plaintiff on the charges of sexually assaulting an inmate." (Defs.' Br. at 5.) The defendants state,

8

> Obviously, the Defendants who consist of board members who served on the Hall County Board of Supervisors had no authority to arrest and prosecute the Plaintiff for criminal law violations. Nor did Defendant David L. Arnold, the former director of the Hall County Department of Corrections. None of the individual Defendants are law enforcement officers who were involved in the arrest of the Plaintiff, nor do the Defendants include the prosecuting attorney. Obviously, only law enforcement officers can arrest an individual for the violation of a criminal law, and only a prosecuting attorney may prosecute someone for such a violation.

(Id.) I have no reason to doubt the defendants' assertion that they lack the authority to arrest or prosecute the plaintiff. However, this assertion is not supported by evidence. Indeed, even if it were, I could not consider such evidence without first converting the defendants' motion into one for summary judgment. See Fed. R. Civ. P. 12(b). Furthermore, when considering a motion to dismiss pursuant to Rule 12(b)(6), I am required to take all well-pleaded allegations in the complaint as true. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The amended complaint alleges that the defendants "conspired to and did effect [the plaintiff's] false arrest, incarceration and prosecution." (Am. Comp., filing 5, ¶ 26.) Although the specific sense in which the defendants "effected" the plaintiff's arrest, incarceration, and prosecution is unclear, I cannot simply disregard the plaintiff's allegation in favor of the allegations submitted by the defendants.

Finally, the defendants argue that Count I is essentially a "claim of malicious prosecution," and that "[i]t is well-established in this circuit that '[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.'" (Defs.' Br. at 6 (quoting Stagemeyer v. County of Dawson, Nebraska, 205 F. Supp. 2d 1107, 1117 (D. Neb. 2002)).) It seems to me that this argument suffers from two critical shortcomings. First, to the extent that Count I is based upon the plaintiff's termination, it cannot be said that it is merely a "claim of malicious prosecution." Second, and perhaps more importantly, Count I does allege a constitutional

9

injury. (See Am. Compl., filing 5, ¶ 26.)

In his response brief, the plaintiff argues that his "entire case is based upon and follows" Moran v. Clarke, 296 F.3d 638 (8th Cir. 2002) (en banc), and that Count I is meant to allege a violation of the plaintiff's right to substantive due process. (See Pl.'s Br. at 7-8.) In Moran, the Eighth Circuit clarified the elements of a substantive due process claim. See Moran, 296 F.3d at 644. The basic elements are stated succinctly in Judge Bye's concurring opinion:

> In every case in which a plaintiff challenges the actions of an executive official under the substantive component of the Due Process Clause, he must demonstrate both that the official's conduct was conscience-shocking . . . and that the official violated one or more fundamental rights that are "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed."

Moran, 296 F.3d at 651 (Bye, J., concurring).

In reply, the defendants do not claim that the amended complaint fails to allege "conscience shocking" conduct or a violation of a fundamental right. Instead, the defendants argue that "there are no allegations of outrageous deliberate police misconduct designed to frame the Plaintiff for a crime of which he was innocent," and that "the Plaintiff has not sued the police officers and prosecuting attorneys responsible for his arrest and prosecution." (Defs.' Reply Br., filing 28, at 4 (emphasis added).) This is quite true; the amended complaint does not allege that police committed outrageous misconduct, and the police officers and prosecutors involved in the plaintiff's arrest and prosecution are not defendants in this case. The absence of allegations against police officers distinguishes Count I of the plaintiff's amended complaint from Moran, which involved a claim that various police officials "manufactured evidence to implicate [the plaintiff] in [a] beating, and conspired to effect his suspension, arrest, and prosecution." Moran v. Clarke, 359 F.3d 1058, 1059 (8th Cir. 2004). However, the mere suggestion that the facts of Moran are distinguishable from the facts of the instant case does not

10

establish that Count I fails to state a claim upon which relief may be granted. In other words, the defendants have not argued, and thus have not established, that when all well-pleaded allegations in the amended complaint are taken as true and all reasonable inferences arising therefrom are weighed in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citation omitted).

In sum, the defendants have failed to demonstrate that Count I fails to state a claim upon which relief may be granted, and therefore I must deny their motion to dismiss that count.

C.  **Whether Count II Fails to State a Claim Upon Which Relief May Be Granted**

Count II of the amended complaint is based upon allegations that "all Defendants conspired by intimidation and/or threat to obstruct justice and to prevent Plaintiff from discharging his duties" in violation of 42 U.S.C. § 1985. (See Am. Compl., filing 5, ¶ 29.) The defendants argue that Count II must be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief may be granted. (Defs.' Br. at 13.) I agree.

Section 1985 proscribes five categories of conspiracies. See Kush v. Rutledge, 460 U.S. 719, 724-25 (1983). Generally, § 1985(1) proscribes conspiracies that interfere with the "performance of official duties by federal officers"; the first portion of § 1985(2) proscribes conspiracies that interfere with "the administration of justice in federal courts"; the second portion of § 1985(2) proscribes conspiracies that obstruct "the administration of justice in state courts"; the first portion of § 1985(3) proscribes conspiracies that interfere with "the private enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws'"; and the second portion of § 1985(3) proscribes conspiracies that interfere with "the right to support candidates in federal elections." Id. at 724. "The civil remedy for a violation of any of the subsections is found at the end of § 1985(3)." Id.

11

It does not appear that Count II "relate[s] to institutions and processes of the Federal Government." Kush, 460 U.S. at 724. Therefore, I find that Count II does not state a claim under § 1985(1), the first part of § 1985(2), or the second portion of § 1985(3). It remains to be determined whether Count II states a claim under the second part of § 1985(2) or under the first part of § 1985(3).

The defendants argue that Count II means to allege a conspiracy prohibited under the first part of § 1985(3). (See Defs.' Br. at 15-16.) However, in view of the allegation that the defendants "conspired by intimidation and/or threat to obstruct justice," it seems to me that the count means to allege a conspiracy prohibited under the second part of § 1985(2). In any event, "[e]ach of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." Kush, 460 U.S. at 725. "[This] language . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. at 726 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Since the plaintiff has not alleged that the conspirators intended to deprive him of the equal protection of the laws and that the conspirators were motivated by a class-based animus,[4] Count II fails to state a claim under either the second part of § 1985(2) or the first part of § 1985(3). See Coleman v. Garber, 800 F.2d 188, 191 (8th Cir. 1986); Federer v. Gephardt, 363 F.3d 754, 757-58 (8th Cir. 2004). Therefore, the defendant's motion to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6) must be granted.[5]

---

[4] Although Count V alleges that the defendants discriminated against him on the basis of his sex, those allegations were not incorporated into Count II.

[5] I note in passing that the plaintiff offered no opposition to the defendants' argument that Count II must be dismissed pursuant to Rule 12(b)(6). (See generally Pl.'s Br.)

### D. Whether Counts III and IV Fail to State Claims Upon Which Relief May Be Granted

Count III of the amended complaint alleges a state law "false arrest" claim, and Count IV alleges a state law "malicious prosecution" claim. (See Am. Compl., filing 5, ¶¶ 32-38; see also id. ¶ 1 (alleging that the court has supplemental jurisdiction over Counts III and IV pursuant to 28 U.S.C. § 1367).) The defendants argue that Counts III and IV must be dismissed because false arrest and malicious prosecution claims are not permitted under the Nebraska Political Subdivision Tort Claims Act (the Tort Claims Act), Neb. Rev. Stat. §§ 13-901 to 926 (2005). (See Defs.' Br. at 12.) For the following reasons, I agree that Counts III and IV must be dismissed.

The Tort Claims Act provides that "no political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and that no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act." Neb. Rev. Stat. § 13-902. The term "tort claim" is defined as "any claim against a political subdivision for money only . . . on account of personal injury . . . caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such . . . injury . . . ." Neb. Rev. Stat. § 13-903(4) (2005). Counts III and IV clearly allege "tort claims"; therefore, to the extent that the defendants are sued in their official capacities as employees of Hall County, Counts III and IV are governed by the Tort Claims Act. However, section 13-910(7) states that the Tort Claims Act "shall not apply to . . . [a]ny claim arising out of . . . false arrest . . . [or] malicious prosecution." This exclusion provides a "complete defense" to the plaintiff's claims of false arrest and malicious prosecution against the defendants in their official capacities. See Stagemeyer v. County of Dawson, Nebraska, 205 F. Supp. 2d 1107, 1117-

18 (quoting Hatcher v. Bellevue Volunteer Fire Dep't, 628 N.W.2d 685, 695 (Neb. 2001)). Therefore, Counts III and IV are dismissed insofar as they are brought against the defendants in their official capacities.

The requirements of the Tort Claims Act also apply "where an individual is sued in his or her individual capacity, but is performing within the scope of employment. Cole v. Wilson, 627 N.W.2d 140, 144 (Neb. Ct. App. 2001) (citing Bohl v. Buffalo County, 557 N.W.2d 668 (Neb. 1997); Kuchar v. Krings, 540 N.W.2d 582 (Neb 1995)). This means that, in light of the exclusion set forth in section 13-910(7), the defendants cannot be held liable in their individual capacities under Counts III and IV unless the plaintiff can prove that the defendants acted outside the scope of their employment. See Stagemeyer, 205 F. Supp. 2d at 1118-19. The amended complaint does not allege that the defendants acted outside the scope of their employment when they "instigated" the plaintiff's arrest and prosecution. (See Am. Compl., filing 5, ¶ 32-38.) In the absence of such an allegation, it seems to me that the plaintiff can prove no set of facts that would entitle him to relief against the defendants in their individual capacities.

Since Counts III and IV fail to state claims against the defendants in their official or individual capacities, both counts must be dismissed entirely.

**E.  Whether Count V Fails to State a Claim Upon Which Relief May Be Granted**

Count V is based upon allegations that the defendants engaged in "sexual discrimination" against the plaintiff in violation of 42 U.S.C. § 1983. (See Am. Compl., filing 5, ¶¶ 1, 39-44.) More specifically, the plaintiff alleges that he was terminated from his position based on unproven allegations of sexual assault, while female officers who were found to have "engaged in sexual misconduct with inmates" were not terminated, but were given the option to resign. (Am. Compl., filing 5, ¶ 43.) (See id. ¶¶ 41-43.) The defendants argue that Count V fails to state a claim upon which relief may be granted. (See Defs.' Br. at 6-7.) I am not persuaded.

"[I]ntentional gender discrimination in public employment by persons acting under

14

color of state law violates the Equal Protection Clause of the Fourteenth Amendment and is actionable under § 1983." Ottman v. City of Independence, Mo., 341 F.3d 751, 756 (8th Cir. 2003). The defendants argue, without elaboration or supporting legal authority, that "[t]o the extent that there may have been any difference in the treatment of the Plaintiff as opposed to the treatment of female correctional officers involved in sexual misconduct, such difference cannot constitute a constitutional violation by these Defendants." (Defs.' Br. at 7.) However, when the allegations of the complaint are taken as true, and when all reasonable inferences arising from the allegations are viewed in a light favorable to the plaintiff, I cannot say that it is beyond doubt that the disparate treatment alleged by the plaintiff "cannot constitute a constitutional violation."

The defendants also argue that Count V fails to state a claim because "none of the individual Defendants are law enforcement officers who were involved in the arrest of the Plaintiff, nor do the Defendants include the prosecuting attorney." (Defs.' Br. at 7.) This argument mirrors one that the defendants submitted in opposition to Count I, (see id. at 5-6), and I shall reject it for the reasons set forth above, (see supra Part II.B). Also, I note parenthetically that the defendants' argument does not address the allegation that the defendants decision to terminate the plaintiff amounted to discriminatory treatment.

The defendants have not demonstrated that Count V fails to state a claim upon which relief may be granted, and therefore I must deny their motion to dismiss that count.

### F. Whether the Individual Defendants Are Entitled to Qualified Immunity on the Plaintiff's § 1983 Claims

The defendants argue that they are entitled to qualified immunity to the extent that they are sued in their individual capacities under § 1983. (See Defs.' Br. at 7-9.) "Government officials performing discretionary functions are entitled to qualified immunity unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." Whisman v. Rinehart, 119 F.3d 1303, 1309 (8th Cir. 1997) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

15

> The qualified immunity analysis is a two-step process. The threshold question is whether the plaintiff has alleged the violation of a constitutional right. If [the] plaintiff[] meets this standard, we next determine "whether that right was 'clearly established' at the time of the alleged violation. "A right is 'clearly established' when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right."

Id. (citations omitted). As the defendants correctly note, "A Rule 12(b)(6) dismissal based on qualified immunity is appropriate 'when the immunity is established on the face of the complaint.'" Dornheim v. Sholes, 430 F.3d 919, 926 (8th Cir. 2005) (quoting Whisman, 119 F.3d at 1309). "The balance favors the plaintiff[] when the test is based solely on the allegations in the complaint." Whisman, 119 F.3d at 1309 (citing Hafley v. Lohman, 90 F.3d 264, 267 (8th Cir. 1996)).

The defendants argue that they are entitled to qualified immunity on Counts I and V because "the Amended Complaint . . . does not set out any factual allegations that would show that any of the Defendants have violated any constitutional right possessed by the Plaintiff." I disagree. Viewed in a light favorable to the plaintiff, Count I is based upon allegations that all of the defendants knew of facts demonstrating that the plaintiff did not assault an inmate, but that they nevertheless terminated him, published the fact of his termination, and "instigated" his arrest, incarceration, and prosecution, in violation of the substantive component of the right to due process under the Fourteenth Amendment. Although I agree that certain factual details are lacking, the defendants have not persuaded me that it is apparent from the face of the complaint that the allegations cannot amount to a violation of a constitutional right. (See supra Part III.B.) Similarly, I am not persuaded that Count V fails to allege intentional gender discrimination by persons acting under color of state law in violation of the Fourteenth Amendment. (See supra Part III.E.)

The defendants also claim that the amended complaint "fails to allege facts . . . to show that any of the Defendants knew that they were engaged in any conduct that would have operated to violate any constitutional right belonging to the plaintiff." (Defs.' Br. at

16

9 (emphasis omitted).) However, the plaintiff is not required to allege or prove that the defendants "knew that they were engaged in any conduct that would have . . . violate[d] any constitutional right." Instead, he need only allege a violation of a constitutional right with contours sufficiently clear "that a reasonable official would understand that what he is doing violates that right." Whisman, 119 F.3d at 1309. "In determining whether the legal right at issue is clearly established, [the Eighth] [C]ircuit applies a flexible standard, requiring some, but not precise factual correspondence with precedent, and demanding that officials apply general, well-developed legal principles." Id. (quoting J.H.H. v. O'Hara, 878 F.2d 240, 243 (8th Cir. 1989)). At this stage, when no discovery has yet been conducted, it seems to me that it is appropriate to take a "broad view" of the facts and relevant precedents. See id. (citing Munz v. Michael, 28 F.3d 795, 799 (8th Cir. 1994)). With the foregoing standards in mind, I am not persuaded that a reasonable official would not understand that the allegations in Count I, taken together with all reasonable inferences arising therefrom, would violate a person's substantive due process rights. See Moran v. Clarke, 359 F.3d 1058, 1060-61 (8th Cir. 2002). Nor am I persuaded that a reasonable official would not understand that intentional sexual discrimination in public employment violates the Equal Protection Clause of the Fourteenth Amendment. See Peterson v. Scott County, 406 F.3d 515, 526 (8th Cir. 2005) ("The right to be free of gender discrimination is clearly established."); Ottman v. City of Independence, Mo., 341 F.3d 751, 756 (8th Cir. 2003) (citing Marshall v. Kirkland, 602 F.2d 1282, 1298 (8th Cir. 1979)).

 At this stage, only the allegations of the amended complaint, along with reasonable inferences that may be drawn therefrom, can be used to gauge whether the plaintiff alleged violations of clearly established constitutional rights. Since qualified immunity is not established on the face of the complaint, I find that the defendants' motion to dismiss Counts I and V must be denied.

### G. Whether Counts I and V Fail to State a Claim Against the Defendants in Their Official Capacities

The defendants argue that to the extent that they are sued in their official capacities under § 1983, the plaintiff's claims must be dismissed pursuant to Rule 12(b)(6). I agree.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978)). (See also Defs.' Br. at 9 (quoting Graham, 473 U.S. at 165).) However, a governmental entity cannot be held liable under § 1983 for the actions of its employees or agents on a theory of respondeat superior. Springdale Educational Assoc. v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). "Rather, a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." Id.

The amended complaint, even when read liberally, does not allege that a constitutional injury resulted from an official policy or a widespread custom or practice of the county. Therefore, Counts I and V must be dismissed to the extent that the defendants are sued in their official capacities.

**IT IS ORDERED** that:

1. Defendants Hall County, Nebraska, Board of Supervisors and The Department of Corrections are dismissed from this action;

2. Counts II, III, and IV of the amended complaint are dismissed;

3. Counts I and V of the amended complaint are dismissed insofar as the defendants are sued in their official capacities; and

4.        The defendants' motion to dismiss, filing 18, is otherwise denied.

Dated June 20, 2006.

        BY THE COURT


        s/ Warren K. Urbom
        United States Senior District Judge